Mr. Stephen A. Melnick Boca Raton Police Services Department 100 Northwest Second Avenue Boca Raton, Florida 33432-3704
Dear Mr. Melnick:
You ask substantially the following question:
May a city enact an ordinance that makes the failure to wear a safety belt while operating a vehicle on city streets a primary offense that may be charged as a violation of the city's code?
In sum:
The Legislature has expressly mandated in section 316.614(9), Florida Statutes, that enforcement of the safety belt law by local governments is only by means of a secondary action when the driver of a vehicle has been detained for a suspected violation of another section of Chapters 316, 320 or 322, Florida Statutes, thereby preempting a city from enacting an ordinance that makes the failure to wear a safety belt while operating a vehicle on city streets a primary offense.
The City of Boca Raton proposes to enact an ordinance that makes the failure to wear a safety belt while operating a vehicle on city streets a primary offense that may be charged as a violation of the city's code. The question has arisen, however, whether the provisions of Chapter 316, Florida Statutes, preempt or proscribe such regulation.
Chapter 316, Florida Statutes, constitutes the Florida Uniform Traffic Control Law and was enacted to make uniform traffic laws applicable throughout the state and its counties and uniform traffic ordinances applicable in all municipalities.1 Section316.002, Florida Statutes, states that "[s]ection 316.008
enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions. . . . It is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter."
Section 316.008, Fla. Stat. (1993), specifically enumerates those areas of traffic control upon which municipalities may legislate. While municipalities have been granted the authority to pass certain traffic ordinances regulating traffic, none of the enumerated areas allows a local government to enact an ordinance making the failure to wear a safety belt a primary offense for which an operator of a vehicle could be stopped. The provisions of Chapter 316, Florida Statutes, are "applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized."2 (e.s.) Thus, the Legislature clearly has prohibited any conflicting municipal enactments regarding traffic control or enforcement, except as expressly authorized by Chapter 316, Florida Statutes.3
Section 316.614, Florida Statutes, in pertinent part, provides:
(4) It is unlawful for any person: (a) To operate a motor vehicle in this state unless each front seat passenger of the vehicle under the age of 16 years is restrained by a safety belt or by a child restraint device pursuant to s. 316.613, if applicable; or (b) To operate a motor vehicle in this state unless the person is restrained by a safety belt. (5) It is unlawful for any person 16 years of age or older to be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt when the vehicle is in motion.
The enforcement of these statutory provisions is specifically addressed in section 316.614(9), Florida Statutes, as follows:
Enforcement of this section by state or local law enforcement agencies shall be accomplished only as a secondary action when a driver of a motor vehicle has been detained for a suspected violation of another section of this chapter, chapter 320, or chapter 322. (e.s.)
A municipal ordinance that makes the failure to wear a safety belt while operating a vehicle on city streets a primary offense chargeable as a violation of the city's code would directly conflict with section 316.614(9), Florida Statutes, which makes such an omission chargeable only as a secondary action. Thus, the city would be precluded from enacting an ordinance that makes the failure to wear a safety belt chargeable as a primary offense.4
Accordingly, the Legislature in section 316.614(9), Florida Statutes, has restricted the enforcement of the safety belt law by local law enforcement to a secondary offense. By doing so, the state statute controls and precludes a city from enacting an ordinance that makes the failure to wear a safety belt while operating a vehicle on city streets a primary offense.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
1 See, ss. 316.001, 316.002, Fla. Stat. (1993). And see, s.316.072(1), Fla. Stat. (1993), stating: "The provisions of this chapter shall apply to the operation of vehicles and bicycles and the movement of pedestrians upon all statemaintained highways, county-maintained highways, and municipal streets and alleys and wherever vehicles have the right to travel."
2 Section 316.007, Fla. Stat. (1993).
3 See, Ops. Att'y Gen. Fla. 86-42 (1986) and 84-1 (1984). See also, s. 166.021, Fla. Stat. (1993), which operates to prohibit municipalities from exercising any power for municipal purposes or enacting any municipal legislation when expressly prohibited by law or when the subject matter is expressly preempted to the state by general law.
4 Cf., Op. Att'y Gen. Fla. 94-5 (1994), wherein this office concluded that a municipality was not preempted from regulating safety equipment for bicycles under Chapter 316, Fla. Stat., and that pursuant to section 316.008(1), Fla. Stat. (1993), the municipality may adopt an ordinance that requires bicycle operators or riders to wear an approved bicycle helmet.